UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| VALERIE GOODNESS, | |
| Plaintiff, | Case No.: |
| v. | |
| STELLAR RECOVERY, INC., | COMPLAINT AND DEMAND FOR JURY TRIAL |
| Defendant. | (Unlawful Debt Collection Practices) |

## COMPLAINT

VALERIE GOODNESS ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against STELLAR RECOVERY, INC. ("Defendant"):

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of New York, therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Amherst, New York 14228.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. § 1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Defendant is a corporation specializing in debt collection with its principal place of business located at 1327 U.S. Highway 2 W, Suite 100, Kalispell, Montana 59901-3413, and an additional office located at 4500 Salisbury Road, Suite 105, Jacksonville, Florida 32216.

9. Upon information and belief, Defendant is a corporation that provides call center, collections, insurance and debt purchase services to companies in the United States.

10. At all times material hereto, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12.     At all times material hereto, Defendant contacted Plaintiff in an attempt to collect an alleged consumer debt.

13.     Plaintiff has never incurred any debts in connection with a business or commercial activity and, therefore, the alleged debt, if truly an obligation owed by Plaintiff, could have arisen only from a financial obligation for primarily personal, family, or household purposes.

14.     Beginning in or around October 2014, and continuing through February 2015, Defendant placed repeated harassing telephone calls to Plaintiff's home telephone number in order to collect the alleged debt.

15.     Defendant's harassing calls originated from numbers including, but not limited to (716) 748-7653.  The undersigned has confirmed that these numbers belong to Defendant.

16.     During the period stated above, Defendant persistently called Plaintiff's home telephone using an automated/pre-recorded voice requesting to speak with "Valerie Goodness."

17.     At all relevant times, Plaintiff has answered Defendant's calls and remained on the line awaiting an opportunity to speak with a live representative of Defendant in order to instruct Defendant to cease all calls.

18.     However, upon belief, Defendant's calls were never placed by, or transferred to, live persons employed by Defendant, therefore Plaintiff regularly remained on the call with no opportunity to speak with anyone.

19.     Further, on many occasions, Defendant immediately hung up the telephone call once Plaintiff answered, without providing any explanation for the call or disclosing its identity.

20. Also, within five days of its initial communication with Plaintiff, Defendant failed to send written notification of her rights to dispute the debt and/or to request verification of the debt, as well as the name of the original creditor and the amount of the debt.

21. Defendant's actions as described herein were taken with the intent to abuse, harass, and deceive Plaintiff.

## COUNT I
## DEFENDANT VIOLATED § 1692d OF THE FDCPA

22. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

23. Defendant violated § 1692d when it placed repeated harassing telephone calls to Plaintiff's home telephone; and, when it placed calls to Plaintiff without meaningfully disclosing its identity.

## COUNT II
## DEFENDANT VIOLATED § 1692d(5) OF THE FDCPA

24. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

25. Defendant violated § 1692d(5) when it placed repeated harassing telephone calls to Plaintiff's home telephone with intent to annoy, abuse, or harass.

## COUNT III
## **DEFENDANT VIOLATED § 1692d(6) OF THE FDCPA**

26. A debt collector violates § 1692d(6) by placing telephone calls without meaningful disclosure of the caller's identity.

27. Defendant violated § 1692d(6) when it placed calls to Plaintiff without meaningfully disclosing its identity.

## COUNT IV
## **DEFENDANT VIOLATED § 1692f OF THE FDCPA**

28. A debt collector violates § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

29. Defendant violated § 1692f when it harassed Plaintiff with repeated calls to her home; and, generally, when it used unfair and unconscionable means to collect the alleged debt.

## COUNT V
## **DEFENDANT VIOLATED § 1692g(a) OF THE FDCPA**

30. A debt collector violates § 1692g(a) if within five days after the initial communication with a consumer, the debt collector fails to send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a

statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

31.   Defendant violated § 1692g(a) when it failed to send written notification, within five (5) days after its initial communication with Plaintiff, advising her of her rights to dispute the debt or request verification of the debt, as well as the name of the original creditor and the amount of the debt.

WHEREFORE, Plaintiff, VALERIE GOODNESS, respectfully prays for judgment as follows:

   a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);
   b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);
   c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);
   d. Any other relief deemed fair and proper by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, VALERIE GOODNESS, demands a jury trial in this case.

                                            Respectfully submitted,

Dated: March 30, 2015            By: /s/ Craig Thor Kimmel
                                          Craig Thor Kimmel, Esquire
                                          Attorney ID # 2790038
                                          Attorney for Plaintiff
                                          Kimmel & Silverman, P.C.
                                          30 East Butler Pike
                                          Ambler, PA 19002
                                          Phone: (215) 540-8888
                                          Facsimile: (877) 788-2864
                                          Email: kimmel@creditlaw.com